## WOOD V. BEALS.

SYLLABUS BY THE COURT
Under the provisions of section 2073, Code 1915, it is the

duty of the district court in an election contest to accept as
true the facts alleged in the notice of contest and not denied
by the contestee in his answer, filed within 20 days after serv-
ice of notice, and no proof is required to support such unde-
nied allegations."

Appeal from District Court, Curry County; Brice,
Judge.

Suit by H. M. (Pat) Wood against John C. Beals to
contest an election. Judgment for contestee, and con-
testant appeals. Reversed and remanded, with in-
structions.

Hall & McGhee and Fitzhugh & Fitzhugh, all of
Clovis, for appellant.

Rowells, Reese & Morgan, A. W. Hockenhull, and
W. A. Gillenwater, all of Clovis, for appellee.

OPINION OF THE COURT

LEAHY, District Judge. At the general election
held in November, 1922, the contestant was the Demo-
cratic candidate for the office of sheriff for the county
of Curry in the state of New Mexico, and the contestee
was the Republican candidate for said office.

[1] Upon the face of the returns as canvassed by
the canvassing board, the contestee received 77 votes
more than the contestant. This suit is brought under
the statute for contesting elections, and notice of con-
test was filed and served in due time, on, to-wit, De-
cember 6, 1922, and thereafter on, to-wit, the 23d day
of December, the contestee answered, first, by general
denial, denying all of the allegations in the contest
notice, and then by answer in the nature of a general
denial to each specific paragraph in the contest notice,
excepting paragraph 14. To the answer contestant filed
a reply, by paragraph 1 of which he reaffirmed all of
the allegations in the contest notice, and by paragraph
2 denied specifically certain allegations in the answer,
and by paragraph 3 alleged that certain facts, to-wit,
all of the allegations in the contest notice which are
set out in full, were not specifically denied or at-
tempted to be denied in the answer.

Paragraph 3 of the reply was stricken out on motion, which left only paragraphs 1 and 2 of the reply. After the filing of the reply the contestant filed a motion for judgment on the pleadings, and the contestee moved to dismiss the case for failure of contestant to set out a cause of action, both of which were overruled by the trial court.

Contestee then moved for permission to file an amended answer so as to specifically deny each of the material allegations in the contest notice, as required by section 2073, Code 1915. This amendment the trial court permitted, and thereupon on, to-wit, January 12, 1923, contestee filed his amended answer in which he undertook to specifically deny the material allegations of contestant's notice of contest.

Contestant refused to proceed further, but stood upon his motion for judgment on the pleadings, and the trial court thereupon rendered judgment in favor of contestee.

The said notice of contest was duly verified as by law required and by specific allegations alleges, among other things, that some 200 or more of the votes cast and counted for contestee were cast by persons not citizens of the United States nor of the state of New Mexico, nor of Curry county, and therefore not legal voters.

The said notice of contest is extremely voluminous and contains many allegations in addition to those above set forth. However, if 200 or more illegal votes were cast, counted, and canvassed for contestee as specifically alleged in the notice of contest, the same would be sufficient to overcome the majority of 77 votes for contestee as found by the court. (Transcript, p. 233.)

The answer of contestee filed on December 23, 1922, as above set forth, was a general denial. Contestee, therefore did not, within 20 days after service upon him of notice of contest, file. and serve the answer as

required by section 2073, Code 1915, in this, that said answer failed to specifically deny the material allegations of contestant's notice of contest.

Section 2073, Code 1915, reads as follows:

"The respondent shall file his answer to the notice of contest, and serve a copy thereof on the contestant within twenty days from and after the service of such notice of contest upon him, exclusive of the day of such service; and any material fact alleged in the notice of contest, not specifically denied by the answer, within the time aforesaid, shall be taken and considered as true."

In view of the language of the statute, we are of the opinion that the trial court committed error in permitting contestee to file his amended answer more than 20 days after the service of notice of contest. The statute says:

"Any material fact alleged in the notice of contest, not specifically denied by the answer, within the time aforesaid, shall be taken and considered as true."

The material allegations of contestant's complaint and notice of contest, so far as we deem necessary to consider here, are that more than 200 votes were cast, counted, and canvassed for contestee by persons not citizens of the United States nor of the state of New Mexico, and therefore not qualified to vote. Those allegations were not specifically denied by contestee within 20 days, as required by section 2073, supra.

Where the material facts alleged in the notice of contest are not denied by the answer, it is not incumbent upon the contestant to introduce proof to sustain such allegations, but the same must be accepted and considered as true by the trial court.

In Bull v. Southwick, 2 N. M. 321, this question was passed upon by the Supreme Court of the then territory of New Mexico. Speaking through Justice Bristol, the Court said:

"It is also my opinion that the very object of the statute, in regard to the pleadings and practice in contested election

cases, is to afford, and at the same time to compel the observance of, a speedy mode for conducting and terminating such cases. Its language is plain and free from all ambiguity. There is no room for mistaking its purport and meaning, and I cannot conceive of any reasonable excuse for not following its provisions by either party.

"These statutory provisions, as to the time of filing and serving the notice of contest, answer and reply, are in effect statutes of limitation, taking from the judge all discretion as to extending the time."

"The respondent shall file his answer to the notice of contest" and serve a copy thereof on the contestant "within twenty days from and after the service of such notice of contest upon him; exclusive of the day of such service; and any material fact alleged in the notice of contest, not specifically denied by the answer within the time aforesaid, shall be taken and considered as true. * * *

"This statutory proceeding between rival candidates alone is a special proceeding complete in itself, conferring a special jurisdiction on the district court, and to which the general law and rules of the court as to the time of pleading and the discretion of the district judge in extending such time, do not apply. The special proceeding, therefore, must be strictly followed. It is so plain that there can be no excuse for not following it."

It has many times been decided by the Supreme Court of New Mexico that the language of section 2073, supra, is mandatory, and where the contestee fails to file and serve an answer within 20 days the allegations of contestant's notice are to be taken and considered as true without proof. Vigil v. Pradt, 5 N. M. 161, 20 Pac. 795; Gonzales v. Gallegos, 10 N. M. 372, 62 Pac. 1103; Garcia v. Lucero, 22 N. M. 598, 166 Pac. 1178.

It therefore follows from the foregoing that the judgment of the district court will be reversed, and the case remanded, with instructions to the district court to enter judgment for the contestant.

And it is so ordered.

PARKER, C. J., and BOTTS, J., concur.

On Motion for Rehearing.

LEAHY, District Judge. A motion for a rehearing has been filed, again urging upon us the proposition that the notice of contest did not state a cause of ac-

tion, and that therefore the district court did not have jurisdiction of the subject-matter. We have carefully re-examined the transcript and briefs, and are thoroughly satisfied that the notice of contest did state a cause of action, as was distinctly held by the trial court. The allegation in the notice of contest, in paragraph 16 thereof, names 111 persons who voted at said election, and whose votes were counted for the contestee, and who are alleged to have been disqualified voters, on the ground that they were not citizens of the United States, and had not been bona fide residents of New Mexico for 12 months, nor of Curry county for 90 days, nor of the precinct where they voted for 30 days, next preceding the election, and were under the age of 21 years, and were not legally registered, and that the counting of said votes for the contestee affected the result of the election. It appears that upon the face of the returns the contestee received a majority of a less number than the number of alleged illegal votes cast for him, so that upon the face of the returns and the allegation a cause of action was stated, and the result of the election was changed by the counting of the alleged illegal votes.

It is true that some more or less extravagant and general allegations are made in the notice of contest, to the effect that fraud was practiced in all of the precincts in the county of a character which might tend to vitiate the election. Nevertheless, these allegations are so general as to be of doubtful effect as a pleading in a contest of election, and do not change the character of the notice, so as to deprive the contestant of the benefit of specific allegations above mentioned. We have, then, a notice of contest specifying a legal cause for complaint, which would, if true, change the result of the election.

It is further urged that the district court never acquired jurisdiction of the subject-matter of the contest, because the record fails to disclose the evidence of the service of a copy of the notice of contest upon the con-

testee. The claim is not made that the notice of contest was not in fact served upon the contestee within the time required by law, but the claim is made that there is no evidence of the same in the record, and that this is jurisdictional. The error in this argument is to be easily demonstrated. The district court is, by statute, clothed with the general jurisdiction of election contests. Upon the filing in the office of the clerk of the district court of a notice of election contest, the district court at once acquires jurisdiction of the subject-matter of the contest. This must be true of election contests, the same as it is of any other subject within the general jurisdiction of the district courts. The district court, of course, has no jurisdiction to proceed to hear and determine contests until it has acquired jurisdiction of the person of the contestee. This is acquired, under the statute, by the service upon the contestee of a copy of the notice of contest, in case the contestee does not see fit to submit himself to the jurisdiction of the court. But in this case, as in other cases, there is nothing to prevent a contestee from appearing in court and answering the notice of contest without the service of a copy thereof upon him. A litigant may always confer jurisdiction of his person upon the court by his own assent or conduct. This the contestee in this case has done, and did within 15 days after the filing of the notice of contest in the office of the county clerk. No conclusion can be drawn from any of the terms of the statute on this subject to the effect that service upon the contestee is necessary to confer jurisdiction of the subject-matter of the contest. It would be a curious and anomalous situation if such a requirement were to be established. The district court, therefore, had complete jurisdiction of the subject-matter and the persons involved in this contest.

It is reiterated in the briefs in support of the motion for a rehearing that the court was correct in allowing the filing of an amended answer, specifically denying the allegations of the notice of contest, after the time had expired within which an answer could be filed by

the contestee. We are well satisfied with our conclusion in the opinion already filed. Both from an examination of the terms of the statute itself and from the soundness of its interpretation in Bull v. Southwick, 2 N. M. 321, that there was no power vested in the district court to allow the filing of the amended answer. That the statute is a statute of limitations, and controls both the parties and the court, we are well satisfied, and this has been the uniform holding of this court ever since the Bull-Southwick case.

It follows that the motion for a rehearing should be denied; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.