OPINION OF THE COURT
At an election held under article 2, c. 114, Code of 1915; relators received votes for the *Page 83 
offices of commissioners of the Acequia del Vado de Juan Pais, and, having been declared elected, assumed the offices. Thereafter Sotero Garcia and Francisco Sandoval, respectively, who also received votes for-said offices, instituted proceedings in the name of the state, under chapter 28, Laws of 1919, claiming their election, and to test their titles to said offices, alleging, respectively, in their complaints request made of, and the refusal of, the district attorney to bring the suits. Summons issued in each case and relators appeared in the respective cases, by their attorney, and demurred, attacking the court's jurisdiction on the ground that said chapter 28 does not authorize such a proceeding to be brought by a private person against the officers of a community ditch. The demurrers were overruled, and relators thereupon filed answers. After answering, relators filed their motions to dismiss the suits, thereby for the first time raising as an objection to the jurisdiction the failure to file cost bond as required by section 5 of said chapter 28. The motions were overruled, and the causes came on for trial, at which relators refused to take part, announcing that they stood on their motions. The court heard the evidence and made findings, but judgment upon such findings was prevented by our alternative writ of prohibition.
Relators first contend that the court was proceeding without jurisdiction, because —
"section 4 of the act does not extend the right to a private person without consent of the attorney general or district attorney to bring the proceeding in the name of the state."
The section, in so far as material, privides:
"Sec. 4. An action may be brought by the attorney general or district attorney in the name of the state, upon his information or upon the complaint of any private person, against the parties offending in the following cases:
"(a) When any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state; or * *
"When the attorney general or district attorney refuses to act, or when the office usurped pertains to a county, incorporated village, town or city, or school district, such action may be brought in the name of the state by a private person on his own complaint." *Page 84 
[1] Relators contend that, to effectuate the legislative intent, the word "or" in the last paragraph quoted must be construed to mean "and," so that it would read "when the attorney general or district attorney refuses to act, and when the office usurped," etc. If so construed, a suit might be brought in the name of the state by a private person, on his own complaint, for the possession of an office pertaining to a county, incorporated village, town or city, or school district, if the attorney general or district attorney refused to act, but not in the case of any office not enumerated. As to a state office, we held directly contrary in State ex rel. Hannett v. District Court,30 N.M. 300, 233 P. 1002. By Section 5744, Code 1915, community ditches or acequias are made corporations. The offices thereof are apparently within the meaning of section 4, subsection (a) above quoted. Neither they nor state officers are included in the enumeration in the last paragraph of section 4, and hence they would seem to be in the same situation, so that our decision in the Hannett case would be controlling.
Section 5 of the act provides:
"Before any writ shall issue in an action brought upon the complaint or information of a private relator under the provisions of this act, such private person shall file with the clerk of the court issuing such writ a cost bond in an amount to be fixed by the court, executed and acknowledged as required by law in the case of supersedeas bonds on appeal, to be approved by the clerk of said court. conditioned as now required by law in the case of cost bonds in the district court."
[2] Relators contend that the filing of the bond required by this section is a jurisdictional prerequisite, and that the failure to file it is fatal to the proceedings. Respondents contend (1) that the word "writ" means the ancient writ of quo warranto, and does not refer to the summons issued when use is made of the reformed procedure afforded by the statute; and (2) that in any event the failure to file cost bonds does not affect the jurisdiction. We need not consider the first proposition as the latter will be decisive. *Page 85 
Relators rely upon the following decisions: Wilson v. Matson,110 Neb. 620, 194 N.W. 735; In re Knoxville School District Election, 274 Pa. 354, 118 A. 307; In re Moritz, 256 Pa. 537,100 A. 1033; Bowen v. Holcombe, 204 Ala. 549, 87 So. 87; Pearson v. Alverson, 160 Ala. 265, 49 So. 756; In re Mayoralty Election of City of New Castle, 50 Ind. App. 35, 97 N.E. 1020; Wilkinson v. La Combe, 59 Mont. 518, 197 P. 836. We shall not take space to review these decisions at length. They all hold the bond jurisdictional. They deal with a variety of statutes, most if not all of which, by one provision or another, expressly make the bond essential to the docketing of the case, or the entertaining of the petition, or require it to be filed within a particular time. All of these decisions are based upon the proposition that an election contest is a special proceeding, to be strictly followed and to be strictly construed; that the Legislature may impose such requirements as it sees fit upon those seeking this relief, and that a failure to observe them in all particulars is fatal to the jurisdiction. There is authority to the contrary. Nicholls v. Barrick, 27 Colo. 432, 62 P. 202; Widmayer v. Davis,231 Ill. 42, 83 N.E. 87. But we have no contention with the principle underlying the decisions relied upon by relators. Generally speaking, we have recognized it in construing our own election contest statute. Wood v. Beals, 29 N.M. 88, 218 P. 354; Gallagher v. Linwood, 30 N.M. 211, 231 P. 627, 37 A.L.R. 664.
If it be admitted, then, that relators' contention is sound when made in a special proceeding, does it follow that it is the rule to be applied to chapter 28, Laws of 1919? In State ex rel. Hannett v. District Court, supra, we said that the statute is remedial in character and to be liberally construed. We did say that "for some purposes it might be held to be a special proceeding," but we held that it is in the nature of a civil proceeding, governed by the provisions of the Code in the matter of venue. While it includes many special provisions affecting only the proceeding in question, yet the action is to be "commenced by the *Page 86 
filing of a complaint as in other civil actions." The statute does not attempt nor purport to prescribe in detail the procedure to be followed. For instance, it does not provide for the issuance or service of process. It does not provide for, though it presupposes, an appeal. Section 16. It would be impossible to administer the act without resort to our Code of Procedure. Therefore, in construing the act, we look, not to the rules governing special proceedings, but to those applicable to civil actions. It is so held in Wisconsin, whence we apparently derived the statute. State ex rel. Attorney General v. Messmore,14 Wis. 125; State ex rel. Wood v. Baker, 38 Wis. 71-81; Fordyce v. State ex rel. Kelleher, 115 Wis. 608, 92 N.W. 430.
In this jurisdiction, actions are commenced by filing a complaint. This gives the court jurisdiction of the cause and of the plaintiff. Process is employed to obtain jurisdiction over the person of the defendant. Admitting that the summons was void because a cost bond had not been previously given as required by section 5, the court's jurisdiction was affected only as to the person of the respondents. But that jurisdiction attached when they voluntarily appeared and demurred and answered. That is the rule controlling in civil actions, and we cannot doubt it is applicable here. We have so declared it even under our election contest statute, a special proceeding. Wood v. Beals, supra; see opinion on rehearing. The question was not raised by motion to quash the summons. No application was made to compel the giving of security for costs. Relators moved to dismiss the complaints, and then only after they had submitted to the jurisdiction by demurring and answering. At that time the question of the validity of process was no longer of moment.
[3] Relators contend, finally, that chapter 129, Laws of 1921, repeals the provisions of chapter 28, Laws of 1919, "in so far as that chapter provides for contesting the election of officers of a community ditch" The provision relied upon is as follows:
"Contests, if any, shall be commenced and conducted as provided by law in the case of general elections for county *Page 87 
officers, but the notice of contest shall be filed within fifteen days after the result of the election is announced as herein required."
Chapter 129, we find, merely amends sections 5753 and 5789, Code of 1915. The provision quoted was contained in the latter section, the changes effected by the amendatory act having nothing at all to do with the matter of contest of elections. Section 5789, Code of 1915, is a part of article 3, chapter 114, and by reference to section 5797 and chapter 68, Laws of 1917, amending the same, we find that the article is not applicable to Guadalupe county, in which county we assume the acequia in question to be situated. We are unable, therefore, to find merit in the contention.
Having passed upon all of the relators' objections to the jurisdiction, it is perhaps unnecessary to say more. However, it is seriously to be questioned whether the alternative writ was not improvidently issued, since the remedy by appeal is available in such a case as this and not shown to be inadequate. Board of Commissioners v. District Court, 29 N.M. 244, 223 P. 516.
In view of our conclusions, the alternative writ of prohibition should be discharged, and it is so ordered.
PARKER, C.J., and BICKLEY, J., concur.
 ON MOTION FOR REHEARING