[No. 3122, Jan. 20, 1927]

## HANNETT v. MOWRER

[255 Pac. 636]

### SYLLABUS BY THE COURT

Judgments in election contest cases can only be reviewed in this court upon appeal, and writs of error do not lie to review such judgments.

Error to District Court, McKinley County; Holloman, Judge.

Election contest by Dr. J. W. Hannett against J. D. Mowrer. Judgment for defendant, and plaintiff brings error. Writ of error dismissed.

Harold C. Perry, of Albuquerque, and A. L. Zinn, of Gallup, for plaintiff in error.

H. C. Denny, of Gallup, and F. E. Wood, of Albuquerque, for defendant in error.

### OPINION OF THE COURT

PARKER, C. J. A writ of error was issued by this court to review a judgment in an election contest. A motion has been filed to dismiss the writ of error on the ground that such judgments are not reviewable by writ of error and may be reviewed only upon appeal. The procedure for review of judgments in election contest cases is prescribed by section 2080, Code 1915, which is as follows:

"Either party feeling himself aggrieved by any judgment rendered under the provisions of this article, may

[1] 20CJ p. 265 n. 22.

take an appeal therefrom to the Supreme Court, in the same manner that appeals are now taken from decrees in equity. But no such appeal shall operate as a stay of the execution of the judgment, except as to costs."

This section has remained in force ever since 1876, when it was enacted, and is the law today. The statute governing the contest of elections, which is sections 2060 and 2080, inclusive, Code 1915, has been under consideration by the territorial and state courts in several cases. See Bull v. Southwick, 2 N. M. 321; Vigil v. Pradt, 5 N. M. 161, 20 P. 795; Gonzales v. Gallegos, 10 N. M. 372, 62 P. 1103; Garcia v. Lucero, 22 N. M. 598, 166 P. 1178; Wood v. Beals, 29 N. M. 89, 218 P. 354; Gallagher v. Linwood, 30 N. M. 211, 231 P. 627, 37 A. L. R. 664; State v. Dist. Court, 31 N. M. 82, 239 P. 452.

From all of these cases it is to be deduced that an election contest is a special statutory proceeding in which the procedure prescribed by the statute must be strictly pursued. It is not a civil proceeding, and is not to be governed by any of the rules of procedure in such cases. The section of the statute above quoted is the only section providing for appeals in election contest cases. Counsel for plaintiff in error argues that sections 1, 2 and 4 of chapter 43, Laws 1917, are broad enough to warrant a review of election contest cases by writ of error. It is to be observed that this chapter is an act providing appellate procedure in civil and criminal cases, and makes no reference whatever to election contests. Sections 1 and 2 of the act refer strictly to civil actions, and section 4 merely provides that a writ of error may be issued in any of the cases mentioned in sections 1 and 2. It is apparent, therefore, that chapter 43 was never intended to apply to election contests, and contestants are relegated, as to the procedure for review, to the contest statute above referred to.

It follows that the writ of error was improvidently issued by this court in this case, and it should be dismissed; and it is so ordered.

BICKLEY and WATSON, JJ., concur