[No. 3681.   June 26, 1931.]

[Rehearing waived July 3, 1931.]

ROGERS v. SCOTT.

[300 Pac. 441.]

George R. Craig, R. P. Barnes, and David A. Grammer, all of Albuquerque, for appellant.

Fred E. Wilson and Thomas J. Mabry, both of Albuquerque, for appellee.

OPINION OF THE COURT

WATSON, J.

This is an election contest involving the office of county clerk of Bernalillo county. In the recount stage the matter was before us in State ex rel. Scott v. Helmick, 35 N. M. 219, 294 P. 316. Following that decision a certificate of election was awarded to Mrs. Scott, and Mrs. Rogers instituted this contest.

The material allegations of the notice of contest were, in their substance, that the contestant was elected to the office by a vote of 7,039 for herself and 6,946 for the contestee, which result was correctly shown by the returns and by the original canvass; that, after such returns, unknown and unauthorized persons obtained possession of and opened the ballot boxes of four named precincts and changed the markings on ballots, as a result whereof it appeared at the recount that 135 less ballots were cast for contestant in the four precincts, and 136 more for contestee, than as shown by the original and correct returns and canvass.

The answer admits that the vote was shown by the returns and by the original canvass to be as stated, and otherwise attempts denial of the allegations of the notice. By way of new matter, it is set up that, in certain named precincts, 151 ballots were cast by unregistered persons; that 11 persons voted twice; that one ballot was cast in the name of a deceased person; and that all of these were counted for contestant.

The reply, in paragraph 1, set up that the answer is insufficient in law in that: (a) No copy of the pretended verified answer was served upon contestant; (b) the allegations of certain numbered paragraphs of the notice are not specifically denied and must be taken as true; and (c) the new matter set up does not state a cause of action. Then, "reserving objection and exception to the legal sufficiency, and filing and service * * *" of the answer, contestant proceeded in the reply to deny the allegations of new matter contained in the answer.

The trial court found that the material allegations of the notice were true and gave judgment for the contestant, which is now before us on appeal.

The findings on which the judgment rests were not made upon proofs, but upon certain rulings on pleadings and procedure ,upon questions submitted by the respective parties when the matter came on for hearing. This appeal challenges the correctness of those rulings.

The first point relied on by appellant is that the matters alleged in the notice constitute no ground of contest contemplated by the statute. This involves construction of 1929 Comp. §§ 41-601, 41-604, and 41-606.

We conclude that, under these sections, an unsuccessful candidate has a remedy by contest upon any ground or grounds which go to show that he was legally elected to the office. The first sentence of section 41-601, creating the remedy, is unlimited as to the grounds which may be asserted. Section 41-604 cannot be deemed to restrict the right to cases of the casting or counting of illegal votes. On the contrary, there is the plain inference that there may be other grounds. Section 41-606 guides us to the real ultimate issue in such a proceeding. The contestee may by way of new matter, set up any facts "showing that the contestant is not legally entitled to the office in controversy." It necessarily follows that the contestant may set up in his notice any facts showing that he is legally entitled to the office. We realize that the right is statutory and that it exists only to the extent and upon the grounds specified. Nevertheless, we cannot escape the foregoing conclusions.

■ ■ It is next urged that the notice is insufficient and should have been dismissed because it failed to "specify the name of each person whose vote was so illegally * * * counted." 1929 Comp. § 41-604.

The requirement invoked obviously applies only if contestant "claims that illegal votes have been cast or counted for the contestee." This is not such a case. Although the notice does set up that the "recount figures" were "erroneously, illegally, and unlawfully obtained" because there were "included and counted" therein the ballots alleged to have been changed, this is not a case of illegal counting of ballots. The gist of the charge is that there was a wholesale alteration of ballots after they had once been counted legally. The notice shows that the officials, when reassembled, counted the ballots as they then found them. The illegality complained of does not lie in the count or in the recount. It consists in the fraudulent alteration of ballots.

This disposes of the questions raised by appellant at the hearing and decided adversely, and brings us to the points raised by appellee. Those points we have already stated. Point (c) was overruled, but points (a) and (b) were sustained, and the judgment is based upon them.

■ ■ To substantiate point (a) appellee produced proof that the document served upon her as a copy of the verified answer, while a true carbon copy of the typewritten portion thereof, was in blank as to the signature of the contestee to the answer and to the verification, as to the signature of the notary public to the jurat, and as to the notarial seal. Upon this proof the court held that no copy had been served and that the material allegations of the notice stood undenied and must be taken as true.

Whether the attempted service was thus fatally defective we find it unnecessary to decide, since we find ourselves in agreement with appellant's contention that service was waived. As previously stated, the objection to it was made by the reply, in which there was also incorporated matter defensive to the new matter set up in the answer.

The principal of waiver by pleading over is well.known, ·generally salutary, and of wide application. This court ·applied it in one of the more recent election cases. Wood v. Beals, 29 N. M. 88, 218· P. 354. We there held that total failure to serve the notice of contest is waived if the contestee appears and answers to the merits. A fortiori, service of an answer will be waived by replying to the merits of the new matter therein.

Appellee admits that, if this were a civil action, the claim of waiver would be good. She does not question that Wood v. Beals, supra, would be controlling, except for a subsequent provision of statute. We may therefore start from that point.

The election code of 1927 (1929 Comp. § 41-601 et seq.) contains a new provision:

"There shall be no other pleading except the notice, answer and reply, and issues of both law and fact shall be made thereby" (section 41-609).

Appellee urges that this section abolishes the practice, long followed in this jurisdiction, of taking advantage of such defects by motion to strike or for judgment on the pleadings, or both; that since the pleadings are now limited to notice, answer, and reply, no motion could have been entertained by the court, and she could raise her objection only by filing a reply; and that, being thus compelled to reply, she should not be held to have waived anything by having done so. She also urges the well-established principles that the election contest is a special proceeding, not governed by the provisions of the code of civil procedure, and that the procedural steps required must be construed and followed with strictness.

We do not think that the section relied on was intended to, or that it does, effect the change supposed. In the first place, the language employed is not well chosen for that purpose. A motion is not a "pleading". 42 C. J. 465; 21 R. C. L. 436; Bancroft's Code Pleading, § 1. Nor is such a question as is here raised an "issue" of law or of fact. 33 C. J. 828. If the context requires, broader meanings may of course be assigned to both terms. It is clear, however, that they do not, necessarily and of

their own force, import what appellee supposes they do. Indeed, it suggests itself that the meaning of "pleadings" is developed and limited by the phrase "issues of both law and fact." Thus considering, the import of the provision would be that all issues of law and fact are to be made by three pleadings denominated notice, answer, and reply, and by them only. If so, the section has no application to motions by which objections to service are ordinarily and had long been raised.

In the second place, there is an apparently insuperable objection to holding that motions were abolished by this section, or that the Legislature so intended. Timely service is as positively required by the statute in the case of the reply as in the case of the answer. But the reply is the last "pleading" permitted. Objection to its service must be made by motion, if at all.

We have construed this section of the new election code but once. Bryan v. Barnett, 35 N. M. 207, 292 P. 611. There we said:

"This seems plainly to contemplate that the issues between the parties upon which the cause is to be decided, both of law and of fact, are to be determined by these pleadings."

In speaking of the issues "of both law and fact" to be made by the three pleadings, we were thus careful to describe them as "the issues between the parties upon which the cause is to be decided," in order to exclude from the holding questions upon which the cause is not to be decided, and which are "issues" only in the broadest sense of the term.

Considering that such is the meaning of the section, its purpose is readily perceived. There is an important difference between the election contest and other actions and proceedings; the multiplicity of subordinate issues each contributing to the ultimate issue, whether contestant or contestee received the greater number of legal votes. Each party usually challenges the legality of numerous votes. Each challenged vote raises its own issues. As almost invariably held, early decision is a prime consideration. So, it is not permitted the contestee to test the legal sufficiency of the allegations as to each challenged vote, before ad-

mitting or denying them. By answer he must make the issues of law and of fact. Should a notice, for instance, tender the issue that 100 votes were illegal because cast under an unconstitutional statute authorizing·absentee voting, we apprehend that the contestee, by answer, might deny that absentee voting is unconstitutional, thus raising an issue of law; deny that the 100 ballots specified were voted in absentia, thus raising an issue, or 100 issues, of fact; and might allege by way of new matter that any number of absentee ballots were cast and counted for the contestant. Thus, by his one answer, he will have made all "issues of both law and fact." We apprehend also that any one of these possible issues not thus made, would not be in the cause. This is a departure from the ordinary course. But it is a departure called for by the nature of the proceeding. Fairness to both parties requires notice of all issues; and speedy determination forbids, or has been thought to forbid, pursuing the usual course.

But it has been urged that appellee, having only ten days within which to file and serve her reply, could not have been assured of a ruling on her motion if she had made one, and that the mere presenting of the motion would not toll her time for reply. This is probably true, but it is only an incident of the statutory system. In this case she is in the situation of saying that the answer is not worthy of reply because of the defective service, and of making a full reply to that answer at the same time. The courts, being in a position to choose, will decide cases on their merits, rather than upon technical and often highly unsubstantial objections to service. Not to do so here would be to put form above substance. It would disclose hostility to a remedy which the Legislature must have favored because it created it. Assuming that the defect in service is fatal, it would, under our decisions, in the absence of waiver, have been decisive of this case. That is not a virtue of the statute. It is merely an unfortunate result of the demand for early decision. Stressing that as of first importance in the legislative mind, the statute is held a limitation upon the right to plead, and to exclude discretion to permit amendment after lapse of the time prescribed. We have thus practically sacrificed an im-

portant and generally salutary means of promoting justice. We sacrifice no more if, indeed, by reason of such limitation, the effect of our decision on this question may often deny a technical right, resting on a claimed defect of service, and of value to the party only because of the serious results attending it.

██ ██ Sustaining point (b), the court ruled that the material allegations of the notice must be taken as true because not specifically denied. 1929 Comp. § 41-606. Appellant challenges the ruling. What we deem the material allegations, we have already set forth. They do not appear in the notice in that simple form. They were set up at considerable length, with some repetition, argument, and conclusion, and were embraced in eleven numbered paragraphs. Appellant saw fit to answer paragraph by paragraph. In the main, her denials were clearly general; sometimes going to each and every allegation of the paragraph; sometimes to each allegation of the paragraph not specifically admitted. Such denials are bad. Wood v. Beals, supra. Among those bad denials is the material allegation that unauthorized and unknown persons obtained possession of and opened certain ballot boxes. Not being specifically denied, it was properly taken as true and must be so taken now and henceforth.

But in paragraph 9 of the answer we find this:

"* * * contestee * * * denies on information and belief that any of said ballots were illegally or otherwise tampered with or mutilated or changed; and denies that fraudulent markings and changes were made on said ballots."

We conclude that this saves the answer against the finding that ballots were changed as alleged in the notice, and puts appellee to her proof of that fact.

An analysis of the pleadings would require space we do not feel justified in taking. Suffice it to say that we consider the denial as specific as the several allegations it refutes (49 C. J. 262); and that we do not consider it vital that it appears in one or another of the paragraphs of the answer, or that, while the allegations of change occur several times, the specific denial occurs but once, or that, when devoting particular attention to the several para-

graphs in which the allegation of change occurs, appellant contented herself with a general denial.

Appellee stresses the fact that this saving denial is on information and belief. So far as we can see, that fact has no bearing on its character as specific or general. The statute, while proscribing general denials, by necessary implication permits denials on information and belief. It expressly provides that the verification of each of the three pleadings may be on information and belief. It cannot matter whether it be the allegation or the verification of it that is put in that form.

Finally, appellant contends that, even if the denials of her answer be deemed legal admissions of the allegations of the notice, it was error to award the office to appellee without a trial of the new matter alleged in the answer. Upon the facts as so far stated, and the conclusions reached, the point would seem to be well taken. The court found, however, that appellee was elected by a majority of 174. If that were true, it would not avail appellant to show that 163 illegal votes were included in it. The finding follows a general allegation of the notice. But, as we interpret them, the specific allegations do not support it. They seem clearly to refute it. As we understand, appellant claims that her majority was 93, as shown by the original and correct returns and canvass. We mention this matter only as an apparent inadvertence; not to bind the trial court in its further consideration and interpretation of the notice.

It is perhaps not improper, in concluding, to say that, so far as our examination of the record discloses, the learned trial judge did not consider the question of waiver, or consider seriously the question of the specific or general character of the denials. Except for the formal findings, no doubt prepared by counsel, the record suggests that his decision was made upon the insufficiency of the service—a matter not here decided. Ordinarily, a point not ruled upon by the trial court will not be considered on appeal. In this case, however, counsel have not objected that there was failure to raise the question of waiver below, and have fully argued and submitted the point. Only

after a full consideration of it have we sensed that it is a question apparently raised here for the first time. The decision we have arrived at promotes the ends of justice and affords the parties the desirable opportunity for trial on the merits. Under those circumstances we mention the matter only in justice to the trial court.

The judgment will be reversed. The cause will be remanded, with a direction to set aside the judgment and findings, and to proceed with the cause consistently with the several rulings here made. It is so ordered.

BICKLEY, C. J., and SADLER, PARKER, and HUDSPETH, JJ., concur.