236 P.2d 725

**RATLIFF v. WINGFIELD.**

No. 5377.

Supreme Court of New Mexico.
Sept. 8, 1951.

Rehearing Denied Nov. 6, 1951.

Frazier, Quantius & Cusack, Roswell, for appellant.

Allan D. Walker, Robert J. Seller, Alamogordo, for appellee.

COMPTON, Justice.

The case involves an election contest.

The parties were opposing candidates for the office of Mayor at an election held in the village of Ruidoso, contestant on the Non-partison ticket and contestee on the Citizen's ticket. From the returns as can-

vassed, contestant received 182 votes for the office and contestee received 189 votes.

The primary question is the sufficiency of the notice of contest to state a cause of action. The notice, excepting the part admitted by answer, reads:

"(8.) That the contestant received the majority of the legal votes cast in said election and is the duly elected Mayor of the said Village, for the reason,

"(9.) That among the votes counted for the contestee upon the canvass of the said election, there were numerous votes cast illegally, to-wit: in that the persons casting said votes were not qualified to vote in the said election, under the laws of the State of New Mexico, in that they had not *actually resided* in the municipality for thirty (30) days next preceding the date of election, as is by law required; that, moreover, they were, in many cases, non-residents of the County of Lincoln and in other cases, non-residents of the State of New Mexico, and that such illegal votes cast, counted and canvassed were in such number that they thereby indicated that the contestee had received a majority of all votes cast; said illegal votes being cast in favor of the contestee; whereas, if such illegal votes had not been cast, counted and canvassed the majority of the votes cast, counted and canvassed would have resulted in the election of the contestant; therefore the said contestant actually receiving the majority of the legal votes cast.

"(10.) The above mentioned allegations as to persons voting illegally are herewith set out in detail, with the grounds for the alleged illegality of the said votes; and such persons so voting are as follows: (Here follow the names of 27 persons)

"(11.) That there was a vote cast in favor of the contestant, which said vote was not counted nor included in the number of votes as shown by the said canvass of the said election. That such vote so cast and not included in the returns of the said election was the vote of Mrs. W. B. Ratliff, also known as Mrs. William Dillard Ratliff." (Emphasis ours.)

The statute, Section 14–1303, 1941 Comp., defines the qualifications of electors of municipalities as follows: " * * * any person who, at the time of any election of municipal officers, would be a qualified elector under the laws of the state, for county officers, and shall have *actually resided* in the ward, in which he offers to vote, for thirty (30) days last preceding the election, shall be deemed a qualified voter, and all elections for municipal officers shall in all respects be held and conducted in the manner prescribed by law in cases of county elections. * * *" (Emphasis ours.)

Appellant points to a distinction between actual residence and legal residence, claiming that actual residence is not required of a voter. Unquestionably, there is a difference. In Berry v. Hull, 6 N.M. 643, 30 P. 936, the term "actually resided"

as employed in the statute, was construed simply to mean legal residence. It will be noted that the language used in the notice follows the language of the statute. It fairly informs appellant that the named persons voted for him, that their votes were illegal since they were non-residents of the municipality. We think these allegations sufficiently tender an issue of fact.

Appellant strongly argues constitutional questions. It is claimed that the title to Chapter 59, Laws of 1933, Section 14-1305, 1941 Comp., authorizing contest for municipal officers embraces more than one subject and that the subject of the act is not expressed in the title. Article 4, Section 16, of the Constitution. But before these questions can be noticed, we must first pass upon appellee's contention that a copy of the answer was not timely served. Moreover, this court will decide constitutional questions only when necessary to a disposition of the case at hand.

The notice of contest was filed May 6, 1950, and the same day contestee was served with notice. He filed an answer on May 20, 1950, and served a copy upon contestant on May 29, 1950. Subsequently, on September 5, 1950, he filed a motion to dismiss the notice, interposing for the first time the constitutional questions.

In election contests, all issues of law and fact must be made by the notice, answer and reply. The record clearly discloses that appellee was not served with a copy of the answer, much less the motion, required within the time. Section 56–606, 1941 Comp., provides that: "The contestee shall file this verified answer to the notice of contest and serve a copy thereof on the contestant within twenty (20) days from and after the service of the notice of contest upon him, exclusive of the day of such service, and any material fact alleged in the notice of contest not specifically denied by the answer within the time aforesaid shall be taken and considered as true. The contestee may allege in his answer any new matter to the issue showing that the contestant is not legally entitled to the office in controversy, and if he claims that illegal votes have been cast or counted for the contestant, he must specify in his answer the name of each person whose vote was so illegally cast or counted, the precinct or election district where he voted, and the facts showing such illegality. The verification may be made on information and belief."

We have consistently held that the language is mandatory, requiring strict compliance. Bull v. Southwick, 2 N.M. 321; Garcia v. Lucero, 22 N.M. 598, 166 P. 1178; Rogers v. Scott, 35 N.M. 446, 300 P. 441; and in Wood v. Beals, 29 N.M. 88, 218 P. 354, 355.

In Wood v. Beals, supra, we said: "It has many times been decided by the

Supreme Court of New Mexico that the language * * *, is mandatory, and where the contestee fails to file and serve an answer within 20 days the allegations of contestant's notice are to be taken and considered as true without proof." Citing: Vigil v. Pradt, 5 N.M. 161, 20 P. 795; Gonzales v. Gallegos, 10 N.M. 372, 62 P. 1103; Garcia v. Lucero, 22 N.M. 598, 166 P. 1178.

The conclusion reached disposes of the case and precludes a determination of constitutional questions. Bryan v. Barnett, 35 N.M. 207, 292 P. 611.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.