393 P.2d 335

**Ernest PEREZ, Contestant-Appellee,**

**v.**

**Lorenzo SISNEROS, Contestee-Appellant.**

**No. 7436.**

Supreme Court of New Mexico.

June 15, 1964.

Raymond E. Keithly, Truth or Consequences, for appellant.

David Eldon Douglas, Socorro, for appellee.

CHAVEZ, Justice.

This is an appeal from a judgment arising out of an election contest for the office of trustee of the village of Encino.

On May 2, 1962, in the district court of Torrance County, a notice of contest of

election was filed by Ernest Perez, contestant-appellee, contesting the election of Lorenzo Sisneros, contestee-appellant, to to the office of trustee of the village of Encino. As grounds for the contest, contestant alleged: That an election was held on April 3, 1962, to elect members to the village board of·trustees; that the contestant and contestee were opposing candidates; that on April 6, 1962, a canvass was held which revealed that contestant received 67 votes and contestee received 69 votes; that as a result of the canvass, contestee received a certificate of election and is now holding office under that certificate; that the contestant received a majority of the legal votes cast in the election since, among the votes counted for contestee, there were numerous votes cast illegally by persons who were not qualified to vote because they had not resided in the municipality for thirty days next preceding the election; and that many of said voters were not residents of Torrance County, whereas, if such illegal votes had not been cast, counted and canvassed, the majority of the votes would have resulted in the election of contestant. The notice, in conformity with the statutes governing election contests, proceeded to name, individually, each alleged illegal voter, his or her ballot number, and the facts showing such illegality.

On May 23, 1962, contestee answered the contest notice, specifically denying that any votes, as enumerated by contestant, were cast illegally and further denying, individually, the allegations of illegality as to each individual voter as enumerated by contestant. As a further defense, contestee alleged:

"4. As a further affirmative defense, contestee alleges that Richard Allgood, Mrs. Betty McMath Allgood, Mrs. Cristobal Garcia, Mr. Elmer Allgood, Mr. Russell Keith Clark, Mrs. Carrol Tapley and Mr. Carrol Tapley voted in the Encino municipal election and their votes were legally [sic] cast and counted, said votes being illegal for the reason that each of them was not a qualified elector of the Village of Encino, New Mexico, at the time of said election, and they were not bona fide residents of the municipality, precinct or county."

On June 1, 1962, contestant filed an unverified reply to contestee's answer, which reads:

"III. In reply to Affirmative Defense set out in Paragraph four (4) of Contestee's Answer, Contestant states that the same is not in proper form as required by law in that the ballot numbers of the persons alleged therein to have voted in the Encino Municipal Election are not shown nor are the individual grounds for objecting to

such persons' ballots and voting in such election stated."

A hearing was held July 18, 1962, as a result of which the trial court found that nine illegal votes had been cast in the election, eight for the contestee and one for the contestant; that these illegal votes should be deducted from the number of votes received by contestee and contestant respectively; and such illegal votes having been deducted, contestant received a plurality of the votes cast for the office and contestant was duly elected. The trial court entered judgment, annulling the certificate of election issued to contestee and removing him from office, and ordered and declared that contestant was entitled to the office.

Appeal timely followed with contestee-appellant raising three points upon which he relies for reversal. The first two points arise from the pleadings and are:

"1. Contestee's answer to contestant's notice of contest contained a sufficient statement of facts upon which to base an election contest under the election contest statute.

"2. Contestee's affirmative answer being undenied specifically and contestant's reply thereto being unverified contestee's allegations therein must be taken as true."

Section 3–9–6, N.M.S.A., 1953 Comp., provides:

" * * * The contestee may allege in his answer any new matter to the issue showing that the contestant is not legally entitled to the office in controversy, and if he claims that illegal votes have been cast or counted for the contestant, he must specify in his answer the name of each person whose vote was so illegally cast or counted, the precinct or election district where he voted, and the facts showing such illegality. The verification may be made on information and belief."

We have consistently held that the provisions of the statutes providing for the contest of an election are mandatory and require strict compliance. Ratliff v. Wingfield, 55 N.M. 494, 236 P.2d 725; Ostic v. Stephens, 55 N.M. 497, 236 P.2d 727; Montoya v. McManus, 68 N.M. 381, 362 P.2d 771.

An examination of contestant-appellee's reply to contestee-appellant's answer shows that it is unsigned and unverified. Thus, it does not comply with § 3–9–8, N.M.S.A., 1953 Comp., which provides that the contestant shall file his verified reply to any new matter set up in the answer, and that any new matter in the answer material to the issue, not specifically denied by such reply, shall be taken and considered as true.

Since contestant-appellee's reply is unverified, it would appear that the new

matter alleged in contestee-appellant's answer, if properly pleaded, should be considered as true. However, it becomes unnecessary to consider this question for the reason that there is nothing in the record to show that the trial court was called upon to rule upon the question of the sufficiency of contestee-appellant's affirmative defense and contestant-appellee's reply thereto. The record shows that shortly before the hearing was concluded, counsel for contestee-appellant inquired as to the status of the record concerning contestant-appellee's answer and contestee-appellant's reply. The record fails to show that contestee-appellant called upon the trial court by way of motion to strike contestant-appellee's reply, or that he moved for a judgment on the pleadings as to the new matter alleged in contestee-appellant's answer. Thus, contestee-appellant did not urge this matter in the court below and it cannot be raised for the first time on appeal. Roseberry v. Phillips Petroleum Company, 70 N.M. 19, 369 P.2d 403.

In Rogers v. Scott, 35 N.M. 446, 300 P. 441, this court held that the practice of taking advantage of any defect in the pleadings in an election contest should be by motion to strike, or for judgment on the pleadings, or both, and that motions were not abolished by the statutory provision that in an election contest there shall be no other pleadings except the notice, answer and reply.

This leaves before us only those issues raised by the notice of contest and those portions of the answer to the notice of contest which properly deny the allegations of the notice. These were the issues before the trial court and upon which he made his decision. Further preventing the adjudication of any other issues was the failure of contestee-appellant, as shown by the record, to offer proof of the illegality of the persons named in his affirmative answer.

Contestee-appellant's third point states:

"3. Domicile once acquired is presumed to be continued until it is shown to have been changed and contestant's proof failed in sufficiency to clearly establish the intent of the alleged illegal voters to change their domicile."

As we read contestee-appellant's point three and the consequent argument, it appears to be a question of substantial evidence. Appellant has not complied with our Rule 15(6) (§ 21–2–1(15) (6), N.M. S.A., 1953 Comp.), which provides:

"Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not support-

ed by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. * * *"

Nevertheless, because of the nature of this cause, we have reviewed the record and find the trial court's findings of fact are supported by substantial evidence and we will not overturn them.

There being no error, the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.