207 P.2d 534

**LESLIE v. MOORE.**

No. 5183.

Supreme Court of New Mexico.

June 22, 1949.

Roy T. Mobley, Alamogordo, T. K. Campbell, Las Cruces, for appellant.

George A. Shipley, Alamogordo, for appellee.

LUJAN, Justice.

The appellant, who was contestant in the lower court, and the appellee, the contestee, were rival candidates for the office of County Clerk of Lincoln County at the general election held on November 2, 1948. The parties will be referred to as contestant and contestee. The contestee, as the candidate on the republican ticket for the County Clerk received a majority of fifteen votes. On November 29, 1948, contestant, as candidate on the democratic ticket, filed his notice of contest which reads as follows:

"2. At the said election the contestant received a majority of the votes cast for the said office, and thereupon became entitled to a certificate of election and to enter upon

the duties and hold the said office for the above mentioned term thereof.

"3. Through the failure of the election officials of Precinct No. 19, known as the Ruidoso Precinct, of Lincoln County, New Mexico, to correctly count and make return of the ballots cast in the said precinct to the County Canvassing Board it was made to appear that the contestee had received a majority of the votes cast for the said office in the said election, and the contestee is informed and believes that a certificate of election was issued to him by the County Canvassing Board.

"4. After the time for securing a recount of the ballots had expired the contestant discovered that the election officials of the said Precinct No. 19, Lincoln County, failed to count a number of ballots cast for the contestant and failed to make return of the said ballots to the County Canvassing Board. The official canvass of the votes for the office of County Clerk of Lincoln, cast at the said election, showed the contestant receiving 1511 votes and the contestee 1526 votes; whereas, if all of the votes cast for the contestant in the said Precinct No. 19 had been properly counted and properly returned to the County Canvassing Board the said official canvass would have shown that the contestant received a majority of the votes cast for the said office.

"5. The failure of the election officials of Precinct No. 19, Lincoln County, New Mexico, to make a correct count and return of the ballots cast in the said Precinct for County Clerk of Lincoln County, New Mexico, changed the results of the said election, as the same appeared on the official returns for the said office, so as to make it appear that the contestee and not the contestant had been elected to the said office.

"6. The contestant, and not the contestee, is entitled to the office of County Clerk of Lincoln County, New Mexico, for the term commencing on the 1st day of January, 1949, with all of the privileges, power and emoluments belonging thereto."

The appellee filed his answer, specifically denying the allegations set forth in the notice, and setting forth several defenses, the second of which, so far as material, reads as follows:

"Without waiving his first defense, but insisting upon the same, this contestee states that the Notice of Contest filed herein fails to state facts upon which relief may be granted for the following reasons:

"1. The said notice shows upon its face in paragraphs numbered 2 to 6 inclusive thereof that contestant's ground of contest as therein alleged is nothing more than an application for a re-count of the ballots of the said Precinct No. 19, Lincoln County, New Mexico; that certain allegations in said paragraphs are mere general allegations of error without pointing out any

specific mistake or fraud or the circumstances of the facts upon which his belief is founded, and therefore such general allegations of error believed to have existed are not sufficient grounds upon which to base the contest proceedings under the statutes of this state.

"2. That said notice of contest amounts to nothing more than an application for a re-count of the ballots cast in said precinct and may not be maintained in this proceeding for the reason that the Legislature has made ample provision for such re-count and such statutory enactment provides the exclusive remedy for such re-count.

"3. That said Notice of Contest in said paragraphs alleges merely that the election officials of said precinct generally failed to count and make return of the ballots cast in said precinct without alleging facts showing what particular ballots said officials failed to count and return and said Notice of Election Contest wholly fails to comply with Section 56-604 New Mexico Statutes 1941 Annotated.

"4. That said Notice of Contest fails to allege which ballots in said precinct were not counted and tallied and returned by the election officials and fails to allege any acts of fraud on the part of any of the election officials and further fails to specify grounds upon which a contest may be based under the laws of this State."

No evidence was taken, the case having been decided solely on the pleadings.

The court decided the issues upon the affirmative legal defenses in the answer and entered an order dismissing the cause, which in part reads as follows:

" * * * and the court having examined the records and files herein and having heard the arguments of counsel on the matter of the second and further defense of the contestee, and having considered all of said matters and arguments and being sufficiently advised in the premises doth find that the notice of contest in this case fails to state grounds of contest as required by our Statutes, and that the said second and further defense of the contestee should be sustained.

"Said matter then being considered on the affirmative legal defenses set up in the second and further answer of the contestee, and the Court having announced his decision that the said second and further defense is well founded in law and should be sustained for the reason that the notice of contest does not specify sufficient facts upon which to base a contest proceeding in New Mexico.

"It is therefore ordered that the notice of contest be and the same is hereby dismissed. * * *".

The appeal in this case involves the identical question presented to the court by the

case of Ferran v. Trujillo, 50 N.M. 266, 175 P.2d 998. In the case at bar the trial court dismissed the same for the reason that the notice of contest did not specify sufficient facts upon which to base a contest proceeding in New Mexico. In the case referred to we held that the notice of contest did not contain any allegation of fact to be tried at a hearing. See also Trujillo v. Trujillo, 52 N.M. 258, 197 P.2d 421.

Following the cases referred to, the judgment herein must be affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.