494 P.2d 160

Pat HETH and Joe Garcia, Jr.,
Contestants-Appellants,

v.

Patty G. ARMIJO and Emiliano Castillo, Jr.,
Contestees-Appellees.

No. 9313.

Supreme Court of New Mexico.

Feb. 25, 1972.

Rodey, Dickason, Sloan, Akin & Robb, John P. Eastham, L. Lanning Sigler, Albuquerque, for appellants.

F. B. Howden, Joseph Erwin Gants, III, Grants, for appellees.

OPINION

STEPHENSON, Justice.

Contestants-appellants (contestants) were unsuccessful candidates for the offices of Valencia County Clerk and Sheriff, and initiated an election contest. The trial court, pursuant to its decision upon certain motions and legal defenses together with a stipulation of counsel that the number of votes which the decision left undetermined was insufficient to change the result of either election, entered a judgment dismissing the notice of contest. Contestants have appealed.

The notice of contest identifies the parties by stating their residence and political affiliation, and the office sought by each. Presumably these references are to the 1970 general election because it is then alleged that on November 6, 1970 certificates of election were issued to contestees.

The balance of the notice of contest deals with asserted violations of various election laws on a precinct-by-precinct basis in some

nineteen Valencia County precincts. However, it does not appear that any of the ballots asserted to have been illegal were counted or canvassed for contestees, or, in fact, that contestants were in any manner prejudiced. It is not alleged that any particular number of votes were cast, counted or canvassed for any party.

Viewing the notice of contest as a whole, it contains neither allegation nor inference that contestants were lawfully elected to the offices they seek, or that by reason of the asserted illegality of certain votes, the results of the election would be changed, or even that the contestants are entitled to the offices for which they were candidates. We have said that the parties stipulated, following the court's decision, that there were not enough contested votes left to change the result. It is well they did, because there was no information in the notice of contest from which this fact could have been determined.

The briefs are mainly devoted to a discussion of whether the allegations of various violations of election laws sufficiently comply with § 3–14–5, N.M.S.A., 1953, which provides:

"The notice shall specify the grounds upon which the claim of the contestant is based, and if he claims that illegal votes have been cast or counted for the contestee, he must specify the name of each person whose vote was so illegally cast or counted, the precinct where he voted and the facts showing such illegality."

However, the contestees pleaded and now assert that the notice should be dismissed for its failure to plead facts demonstrating that contestants are entitled to relief.

We agree. The legal question presented is whether compliance with § 3–14–5 results in a notice of contest which is legally sufficient, or whether that section merely specifies the manner in which certain facts must be pleaded as part of a notice of contest which must also include allegations showing that the contestant is

entitled to relief in accordance with general rules of pleading.

Our adoption of the latter view makes unnecessary a consideration of whether or not certain allegations in the notice in fact comply with § 3–14–5. That statute has now been repealed by Laws of 1971, Chapter 210, Section 1 of which (§ 3–14–3, N.M.S.A., 1953, 1971 Pocket Supp.) makes the Rules of Civil Procedure applicable to election contests. Similarly unnecessary for consideration is § 3–14–17, N.M.S.A., 1953, by which all votes in a precinct must be rejected if contestees fail to sufficiently rebut a contestant's prima facie showing of illegality. This statute's effect follows contestant's establishing a prima facie case in respect to certain matters, a point not reached here because of the deficient notice of contest.

In Rogers v. Scott, 35 N.M. 446, 300 P. 441 (1931) this court considered whether the allegations of a notice of contest complied with §§ 41–601, 41–604 and 41–606, 1929 Comp., which, for all practical purposes, are the same as §§ 3–14–1, 3–14–5 and 3–14–7, N.M.S.A., 1953 Comp., which govern this appeal, although the latter two sections have now been repealed. The court gave the statutes a broad construction, succinctly stating that they created a remedy on "any ground or grounds which go to show that *he [contestant] was legally elected to the office.*" (Emphasis supplied.)

Further that:

"* * * [T]he contestant may set up in his notice any facts showing that *he is legally entitled to the office.*" (Emphasis supplied.)

These statements, general, broad and liberal as they may be, pinpoint the gist of a successful election contest, viz., that the contestant "is legally entitled to the office." This ingredient is wanting here. There is no assertion to that effect in the notice we are considering, nor are facts alleged from which such entitlement could be inferred.

The same result is required by rules of pleading applicable to election contests.

In Ferran v. Trujillo, 50 N.M. 266, 175 P.2d 998 (1946), this court said:

"Under our method of contesting elections, the notice of contest takes the place of a complaint in an ordinary suit. Therefore it must contain a plain statement of the claim showing that the pleader is entitled to relief. See 1941 Comp. 19–101(8) [now § 21–1–1(8)]. The compiler's note says that par. (a) of the rule and Rule 10(a), (c), are deemed to supersede secs. 105–404, 105–501, 105–511, 105–525, Comp.Stat.1929, a portion of which follows:

'Second. A statement of the facts constituting the cause of action, in ordinary and concise language.'

"While the form of the rule has been changed, we do not understand that the necessity for pleading with particularity the facts upon which the claim or conclusion of the pleader is based, so as to give notice of what the adverse party may expect to meet, has been dispensed with."

See also Montoya v. McManus, 68 N.M. 381, 362 P.2d 771 (1961) and Trujillo v. Trujillo, 52 N.M. 258, 197 P.2d 421 (1948).

■ Since the objective of the contestant in an election contest is to be declared the winner, his notice of contest should allege that he has received more legal votes than the contestee, and a failure to so allege is not a claim showing that the contestant is entitled to relief. It is analogous to a complaint in tort alleging that the defendant negligently struck the plaintiff, but failing to allege that the plaintiff was injured thereby.

Our conclusion as to what is required in the notice of contest finds support both in the general rules and in the specific holdings of other states.

In 26 Am.Jur.2d Elections § 338, it is stated:

"The notice, complaint, or petition in an election contest should state in logical form the facts constituting the grounds of contest. * * *

"Where the contest is based on irregularities, it is generally necessary to allege that they were prejudicial or changed the result of the election, unless this result is necessarily to be inferred from the facts alleged. Therefore, it has been held to be insufficient to aver the casting of illegal votes without also stating in whose favor they were cast."

The notice of contest before us is strikingly similar to the pleading considered in Wheeler v. Jones, 239 Ark. 455, 390 S.W.2d 129 (1965), cert. denied, 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339 (1966), in which the contestant alleged in his complaint that the election commissioners had certified his opponent to be the winner of the election for the office of county judge by a vote of 1,701 to 1,691, that 52 named persons who were not qualified electors voted in the absentee box and that an additional 196 named persons voted in precincts in which they did not reside. In the words of the court:

"There is no allegation either that these challenged votes were cast for the appellee [contestee] or that the result of the election would be changed if these votes were set aside. All that the complaint really asks is that the questioned ballots be declared void and that the remaining ballots then be counted to see who actually won the election.

"We have often held that a complaint such as this one does not state a cause of action. Several of these cases were reviewed in McClendon v. McKeown, 230 Ark. 521, 323 S.W.2d 542 (1959). Under these decisions the contestant, to state a cause of action, must show that the outcome of the election would be changed if certain identified illegal votes cast for his opponent were disregarded."

The appellant-contestant contended that McClendon was distinguishable because it dealt with a primary election, while Wheeler involved a general election. Contests for

the respective elections were governed by two different statutes. The court said:

"Neither statute [primary or general election] purports to define the allegations that a contestant must make to state a cause of action. The rule followed in our earlier opinions is not of statutory origin. It is merely an example of the basic principle that a complaint, to be good against demurrer, must state *facts* constituting a cause of action. It is the absence of such facts that makes the present complaint fatally deficient."

Thus the Arkansas cases cannot be distinguished because of any differences in pleading requirements contained in the election contest statutes of that state and New Mexico.

The Illinois court, in Zahray v. Emricson, 25 Ill.2d 121, 182 N.E.2d 756 (1962), might well have been describing the notice before us when it said:

"The amended petition in this case falls far short of affording a basis for the contest sought. It neither alleges that the irregularities complained of changed the result of the election, nor does it allege facts which show that the irregularities would have such a result, and which if proved would render it the duty of the court to declare a defeated candidate elected. The petition does not set out how many votes were cast in the election, how many votes were received by any of the candidates, nor allege that votes cast for one candidate were wrongfully counted for another, and for all that appears in the petition the difference in votes may have been so great that none of the irregularities alleged could have affected the outcome. * * *"

The court held:

"In the absence of an allegation that the results of the election were changed by the alleged irregularities, or facts showing such a result, the petition assumes the proportions of an exploratory process to which neither our courts nor election officials should be subjected."

At oral argument contestants pointed to the prayer appended to the notice of contest as remedying the deficiencies which we have noted. It may be doubted that the prayer contains any direct allegations even to the extent of asserting contestants are entitled to the office, since it merely prays that contestants be adjudged to have been elected. Assuming this does amount to a direct allegation, contestants' problems are not solved thereby. We are not cited to any authority indicating that the office served by a prayer in an election contest differs from that in ordinary civil cases, nor have we noted any. Applying the rule stated in Trujillo v. Trujillo, supra, that the Rules of Civil Procedure apply to election contests except where inconsistent, we hold that the function and effect of the prayer in election contests does not differ from that in ordinary civil actions.

Our cases have rather consistently held that the prayer is either not part of the complaint or not part of the statement of the cause of action. See Chavez v. Potter, 58 N.M. 662, 274 P.2d 308 (1954) (overruled on other grounds by State ex rel. Gary v. Fireman's Fund Indemnity Co., 67 N.M. 360, 355 P.2d 291 (1960)); Durham v. Rasco, 30 N.M. 16, 227 P. 599, 34 A.L.R. 838 (1924); Beals v. Ares, 25 N.M. 459, 185 P. 780 (1919); Dry Goods Co. v. Hill, 17 N.M. 347, 128 P. 62 (1912). Whatever the apparent difference may be between not being part of the complaint and not being a part of the statement of the cause of action, it would appear that any inconsistency in these precedents is more semantic than real. It is clear that the prayer can be looked to and considered only to determine what relief is sought by the complaint, or to interpret any ambiguity in the complaint. Brown v. Romero, 77 N.M. 547, 425 P.2d 310 (1967); Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718 (1933); Porter v. Alamocitos Land & Livestock Co., 32 N.M. 344, 256 P. 179 (1927). It is equally clear that the prayer cannot be taken into account to determine whether or not the body of the complaint

states a cause of action in ordinary civil cases. We hold the same to be true in election contests.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.